## Katz *v.* Royal Insurance Company, Appellant.

*Insurance—Automobile insurance—Policy—Stolen car—Repairs —Affidavit of defense—Amount admitted to be due—Judgment.*

In an action on a policy of insurance, to recover losses incident to the theft of an automobile which was recovered by the owner, but found to be in a dilapidated condition, an affidavit of defense denied that the automobile was damaged to the extent claimed by the owner, and averred that repairs could have been made for a lesser sum, naming it.

In such case, judgment was properly entered for the amount admitted to represent the cost of repairs, with leave to the plaintiff to proceed for the balance of his claim.

Argued October 16, 1923. Appeal, No. 172, Oct. T., 1923, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1922, No. 1413, making absolute rule for judgment in the amount admitted to be due in the defendant's affidavit of defense, in the case of Philip Katz and First Peoples Trust Company to the use of Philip

Katz v. Royal Insurance Company, Limited.    Before
ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER,
LINN and GAWTHROP, JJ.    Affirmed.

Assumpsit on policy of insurance.    Before MARTIN,
P. J.

Rule for judgment for want of a sufficient affidavit of
defense and for the amount admitted to be due in the
affidavit of defense.

The opinion of the Superior Court states the case.

The court discharged the first rule and made absolute
the second rule and judgment was entered for the plain-
tiff against the defendant in the sum of $432.04.    De-
fendant appealed.

*Error assigned* was the decree of the court.

*Horace Michener Schell,* and with him *Saul, Ewing,
Remick & Saul,* for appellant.

*Charles L. Smyth,* for appellee.

OPINION BY PORTER, J., February 29, 1924:

This is an action on a policy of insurance issued by
the defendant, to Philip Katz and First Peoples Trust,
as their interests may appear, upon an automobile,
covenanting to indemnify the assured against loss or
damage by theft, etc.    The plaintiffs' statement averred
that the automobile was stolen on February 9, 1922, and
was returned to plaintiff on August 19, 1922, in a dilapi-
dated condition and that he sold it at public sale, after
notice to the defendant, for the sum of $235, and averred
his right to recover the difference between the amount so
realized and the full amount for which the automobile
was insured.    The affidavit of defense averred that the
automobile was not in a dilapidated condition at the
time it was returned to the plaintiff; that "In the event
of loss or damage under this policy, this company shall

be liable only for the actual cost of repairing, or, if necessary, replacing the parts damaged or destroyed"; and that the cost of restoring the said automobile to its former condition after its return to the said Philip Katz would not have exceeded the sum of $432.04. The plaintiff entered two rules: one to show cause why judgment should not be entered for the whole amount of plaintiffs' claim and the other to show cause why judgment should not be entered for the sum of $432.04, the amount which the affidavit of defense alleged would have been sufficient to cover the cost of repairing the automobile. The court below discharged the first rule and made absolute the second, entering judgment for $432.04. The defendant assigns for error the entry of such judgment. The defendant was clearly liable, under the covenants of the policy for the actual cost of repairing the damage to the automobile resulting from the theft. The affidavit of defense did not deny that the automobile had been stolen, nor did it aver that it was not in good condition when stolen. It expressly admitted that the car was in a damaged condition when restored to the plaintiff and "at the time the said automobile was returned to the said Philip Katz, on the 19th day of August, 1922, it was in a damaged condition," but avers that the said car could have been restored to good order and condition at an expense of $432.04. The defendant was clearly liable for the cost of the repairs which would restore the automobile to the condition in which it was at the time it was stolen, and this affidavit must be held to mean that the cost of those repairs would have been $432.04. The court below did not err in entering judgment for that amount, with leave to the plaintiff to proceed for the balance of his claim.

The judgment is affirmed.